TRUMAN WHITCOMB *et al.*, Appellants, *v.* FRANCES H. SUTHER-
LAND, who sued by her next friend, Appellee.

### APPEAL FROM COOK.

A *feme covert* may redeem from sale her equitable estate in property conveyed
by her husband and herself to secure the payment of money loaned to the
husband, where the possession continues with the husband and wife, by
occupancy as a homestead.

A conveyance of real estate, under certain conditions, and marked by peculiar
transactions, will be treated as a mortgage.

A husband may, through the medium of another, acting as trustee, vest in his wife,
the use and equitable estate in property, the legal estate of which would remain
in the trustee.

THE opinion gives a statement of the case.

HOYNE and MILLER, for Appellants.

MATHER and TAFT, for Appellee.

SKINNER, J. The bill in this case seeks to establish and vest
in the *feme covert* complainant, title to the property described,
upon two grounds: first, the right to execution of an *ante-
nuptial* agreement with her present husband for the separate
investment and control by her of certain moneys, the proceeds
of her estate; second, the right to redeem her equitable estate
in the property by her husband and herself, conveyed to
secure the payment of money loaned to her husband. From
the view we take of the case, it is unnecessary to determine
any question arising upon the ground first stated.

The case clearly shows that the husband of the complainant
had an equitable estate in the property, derived under a con-
tract of purchase with the owner; that he conveyed his
interest in the property to Wheeler, in trust, to hold the same
to the sole and separate use of his wife, the complainant; that
he and complainant, as husband and wife, have occupied the
property as their homestead, from the time of the execution of
the deed of trust up to the filing of the bill; that afterward,
the husband being indebted to Whitcomb for money loaned,
and to secure the repayment of the same, together with the
complainant, his wife, executed to Whitcomb a deed absolute
of the property, taking to the husband a contract for recon-
veyance upon the performance of certain conditions; and that
the other parties in interest derive their interests through
Whitcomb. The deed of trust from the husband to Wheeler,
bears date May 29th, 1850, but was not recorded. The deed
from the complainant and husband to Whitcomb, bears date
August 2d, 1850, was acknowledged on the fifth, and filed for

record on the sixth of said month; and the contract for reconveyance bears date the third, and was not recorded.

The transaction with Whitcomb evidently involved the loan of, and security for money. The loan and indebtedness, the substantially simultaneous conveyance and contract for reconveyance, the possession remaining with the grantors in the deed absolute, and the inadequacy of the consideration for the conveyance as compared with the value of the property, of which there is evidence, *unexplained, mark* the transaction as a mortgage and security for money. 1 N. H. R. 41; 2 Met. R. 103; 12 Mass. R. 463; 7 Watts R. 401; 1 Hilliard on Mortgages, Secs. 6, 12 and 19; *Coates* v. *Woodworth,* 13 Ill. R. 654; *Miller* v. *Thomas,* 14 ibid. 428; 12 Howard, R. 139; *Davis* v. *Hopkins,* 15 Ill. R. 419; *Williams* v. *Bishop,* ibid. 553; *Smith* v. *Sackett,* ibid. 529.

The husband and wife being one in the eye of the law, his deed to her is void; yet he may, through the medium of another, as trustee, vest in her the use and equitable estate in property, the legal estate of which would remain in the trustee, the grantee in the husband's deed. 2 Kent C. 162, 163 and 164; *Fisk* v. *Cushman,* 6 Cushing R. 20; *Stilley* v. *Falgen,* 14 Ohio R. 49.

The conveyance, therefore, from the husband to Wheeler, in trust for the complainant, created in her an equitable estate in the property, which none but creditors or *bona fide* purchasers could avoid; and having this equitable estate she is entitled to protect it against the mortgage to Whitcomb by redemption therefrom.

The possession continuing in the husband, or in the husband and wife, by occupancy as a homestead, those claiming through Whitcomb must hold subject to the defeasance, or contract for reconveyance, which destroys the apparent absolute character of the deed to Whitcomb and gives to it the force of a mortgage. *Dyer* v. *Martin,* 4 Scam. R. 146; *Williams* v. *Brown,* 14 Ill. R. 200; *Rupert* v. *Mark,* 15 ibid. 540.

From this mortgage, the husband, as mortgagor, and the complainant, who joined with him in the execution of the mortgage, in virtue of her equitable interest in the property, can redeem.

The court below allowed the complainant to redeem and decreed accordingly, and upon the whole record, we are satisfied with the decree.

*Decree affirmed.*