## HATTENBACK v. HOSKINS.

1. VERDICT AND JUDGMENT. In an action for damages sustained by the wrongful levy of an attachment, the jury returned a verdict for the plaintiff for a certain sum, and interest thereon from the date of the attachment; *Held*, that the verdict was sufficiently definite to authorize the court to render judgment for a sum equal to the amount named, with interest thereon.

2. VARIANCE BETWEEN JUDGMENT AND VERDICT. A judgment will not be reversed because of a variance between it and the verdict when the appellant was not injured by such variance.

3. JUDGMENT IN VACATION. A judgment may be entered by the District Court in vacation pursuant to an agreement of parties in open court which was made of record.

*Appeal from Woodbury District Court.*

TUESDAY, JUNE 18.

ACTION against a sheriff for damages sustained by the wrongful levy of an attachment upon the property of the plaintiff. For the material facts see the opinion of the court.

*John A. Kasson* for the appellant, argued: 1. The verdict did not authorize the judgment entered; 2. The judgment was not according to the verdict; 3. The judgment entry was illegal, having been made in vacation. *Townsley* v. *Morehead*, 9 Iowa 565.

*Casady, Crocker & Polk* for the appellee, relied upon *Ste-*

*vens* v. *Campbell*, 6 Iowa 538; *McGregor* v. *Armill*, 2 Ib. 30; *Harrell* v. *Stringfield*, Mor. 18.

BALDWIN, J.—The jury to whom this cause was submitted returned into a court a verdict in favor of the plaintiff for the sum of $2398 54–100, with interest from the date of a certain writ of attachment named in the pleadings, and in the service of which, it is claimed that the defendant, as sheriff, committed the trespass of which the plaintiff complains. A motion in arrest of judgment and for a new trial was made, which was overruled, and the defendant appeals.

The record, as certified to us, shows the following entries made in this cause, viz: "This motion (for a new trial) is submitted to the court upon affidavits and arguments, and the court not being sufficiently advised, takes the same under advisement; and it is agreed in open court, now here, by all the parties to this action, that the court may decide the matters of said motion in vacation, and that judgment may be rendered in accordance with the judgment and decision of the court, reserving to the parties the right to take and file exceptions to the same as though the court was in session." And afterwards there was the following entry: "Vacation entry, October 24th, 1859. The motion for a new trial in this cause having been heretofore filed and submitted, and the court being sufficiently advised in the premises, now, at this time, pursuant to agreement of both parties made in open court, the court overrules said motion; and it is hereby ordered that judgment be entered according to the verdict of the jury returned in open court." Then follows the usual entry of judgment.

The errors assigned relate *first*, to the manner and form of the judgment; and *second*, to the time when entered by the court.

The verdict of the jury was for a sum named, and for interest thereon from the date of the attachment. The judg-

ment of the court was for the sum named by the jury, without allowing any interest. In the first place, we think that the verdict was sufficiently definite to have justified the court in rendering judgment as upon the verdict returned into court. There was but one attachment referred to in the issues made by the pleadings, and the date of such attachment was not controverted. It was upon this writ that the defendant justified the trespass, and it was in the service of the same writ that plaintiff claimed that he was damaged. There was no doubt as to its being the writ referred to in the verdict. Again, the defendant was not prejudiced by this action of the court, as no interest was allowed in the judgment, and unless there is some prejudice to appellant, by this error, the cause should not be reversed.

The main point relied upon by the defendant is, that this judgment was rendered by the judge in vacation, and therefore without authority of law, and void. In the absence of any agreement of the parties, the court had no power to render this judgment, except during the term of court. *Townsley* v. *Morehead*, 9 Iowa 565. Sections 1821–22 of the Code provide, that defendant may at any time submit to any judgment, which shall be agreed upon between the parties, which agreement must be in writing and filed with the clerk, unless done in open court; that non-suits, when allowable, and judgments by agreement may take place in vacation. In such cases the clerk may at once make the entry accordingly, and execution thereon may issue forthwith, unless otherwise agreed upon by the parties. There was an agreement made by the parties in open court, in which the defendant agreed that the court might render judgment upon the motion and in accordance with the decision of the court in vacation. The overruling of the motion ended the defendant's objection to a judgment in the court below, and there was no longer anything to prevent a judgment upon the verdict; hence it is fair to infer that in this agreement, as made of record, the defendant not only

consented that the motion should be decided in vacation, but that, when the motion was disposed of, the court should also render judgment upon the verdict. The section above quoted expressly says, that judgment by agreement may take place in vacation—upon such agreement the clerk may enter, &c. Now, the parties in open court made an agreement that the judgment should be entered in vacation, at a certain time, to-wit: when the court should have disposed of the motion for a new trial. This motion was disposed of, and the clerk entered the judgment in pursuance of the terms of this agreement.

We think that this judgment may be properly affirmed, as having been rendered under either of the above provisions of the Code.

Judgment affirmed.