H. E. JONES *vs*. CYRUS KING.

May 1, 1883.

**Verdict held Sufficiently Certain.**—This action was brought to recover $26.60 for board furnished by plaintiff to defendant. The answer admitted the furnishing of the board and its value, as alleged in the complaint, but alleged by way of defence that it was furnished under an express contract between plaintiff and one W.; that W., and not defendant, was to pay for it; and that plaintiff was to furnish it on W.'s account and look to him for payment, the only issue being whether defendant or W. was liable. The jury found the following verdict: "We, the jury,

find for the plaintiff;" upon which the court entered judgment for plaintiff for $26.60. *Held*, that the verdict was sufficient to sustain the judgment; that it fully responded to the issue made by the pleadings, and can be made sufficiently certain by reference to the record.

Same—Omission of Amount—Harmless Irregularity.—The question of value not being in issue, and the amount of plaintiff's recovery being fixed by the pleadings, and following as a conclusion of law in case the jury found in his favor upon the issue of fact submitted to them, the omission of the jury to insert the amount of such recovery in their verdict was at most a harmless irregularity.

Appeal by plaintiff from a judgment of the district court for Wright county, *Lochren*, J., presiding, reversing a justice's judgment from which the defendant had appealed on questions of law alone.

*Fish & Ovitt* and *F. E. Latham*, for appellant.

*David Cochran*, for respondent.

MITCHELL, J. The only question in this case is whether the verdict is sufficient to sustain the judgment. The action was brought to recover $26.60, for board furnished by plaintiff to defendant at his special instance and request, which was reasonably worth that sum, and no part of which had been paid. The answer of defendant admits the furnishing of the board as alleged in the complaint, and also admits (by failing to deny) that it was worth the sum alleged; but alleges by way of defence that it was furnished under an express contract between plaintiff and one Warren, (in whose employment defendant was,) that Warren and not defendant was to pay for it, and that plaintiff was to furnish the board on Warren's account, and look to him for payment. In short, the only issue under the pleadings was, whether defendant or Warren was liable; the fact that the board was furnished and was worth the sum alleged being admitted. The case was tried on this issue alone. The jury found the following verdict: "We, the jury, find for the plaintiff." Upon this verdict the justice rendered judgment for the plaintiff, for $26.60 and costs. The objection raised to this verdict is that it contains no *data* from which the amount of the judgment could be ascertained, because the jury failed to assess the amount of the recovery. We think that a

v.30—24

reference to a few elementary principles regulating the nature and office of verdicts, and the manner in which they should be construed, will show that this objection is not well taken. A verdict is the decision of a petit jury upon an *issue of fact* submitted to them. It must be confined to the matters put in issue by the pleadings. It is sufficient if it responds to these issues. It must be construed with reference to the pleadings, and it is sufficiently certain if it can be made certain by reference to the record. According to these tests we think this verdict sufficient. It responds to the whole issue. The only question of fact submitted to the jury is fully answered, the question of the value of the board not being in issue. Construed with reference to the pleadings, it is perfectly certain and definite, the amount of plaintiff's recovery being fixed by the pleadings at $26.60, if he recover at all. No assessment of the amount was necessary; the jury could not negative a fact admitted in the pleadings; and if they found for the plaintiff upon the issue of fact submitted to them, the amount of plaintiff's recovery followed as a conclusion of law, and was a matter over which the jury had no control. To require them to make a formal assessment of the amount would have been a mere idle ceremony.

It is claimed that the assessment of the amount and the insertion of it in the verdict, is required by Gen. St. 1878, *c.* 66, § 238, which provides: "When a verdict is found for the plaintiff in an action for the recovery of money,   *   *   *   the jury shall also assess the amount of the recovery." In cases where the amount of plaintiff's recovery is in issue, or where, as in actions in tort, the damages are unliquidated, such an assessment by the jury is essential. But we do not think it is indispensable in a case like the present, where no assessment is necessary in order to determine the amount of plaintiff's recovery, because the amount, if he recover at all, is not in issue, but depends wholly upon the construction of the pleadings, and involves a pure question of law over which the jury have no control. In such a case we think the omission is, at most, a harmless irregularity. *Cooper* v. *Poston*, 1 Duvall, (Ky.) 92; *Darden* v. *Mathews*, 22 Tex. 320. See, also, *Warren* v. *Smith*, 24 Tex. 484; *Buckley* v. *Bramhall*, 24 How. Pr. 455; *Stevens* v. *Campbell*, 6 Iowa, 538; *Hat-*

*tenback* v. *Hoskins,* 12 Iowa, 109; *Brannin* v. *Foree's Adm'rs,* 12 B. Mon. 506.

We are referred to *Fryberger* v. *Carney,* 26 Minn. 84, as decisive against the sufficiency of the verdict in the present case. The sufficiency of the verdict in that case was, perhaps, a somewhat close question, but an examination of the facts will show that this court decided nothing in conflict with the views here expressed. In that case the amount of plaintiff's recovery was in issue, and an assessment was consequently necessary. The verdict was for "the amount set forth in the note, with interest to date." But the suit was not brought upon a note. A note was referred to in the answer of one of the defendants, and was introduced in evidence. But the jury did not specify in their verdict what note they referred to, or from what date interest was to be allowed, these matters being left somewhat to inference or conjecture. It is true that the court say: "A money verdict, if it do not state the precise amount, should be such that the court may, by computation, and without resorting to anything but the verdict itself, fix the amount." But this must be understood as used in reference to the facts of the case then under consideration, and also taken in connection with the context. That the court did not mean to hold that the record could not be referred to in construing a verdict, is evident from what immediately follows. Of course, a verdict would not be good which could not be made certain without looking outside of the record to the evidence given on the trial.

The judgment of the district court must be reversed, and the cause remanded, with directions to enter judgment affirming the judgment of the justice.

Judgment reversed.

GILFILLAN, C. J., *dissenting.* I dissent. In *Fryberger* v. *Carney,* 26 Minn. 84, it was said that a verdict which, for the amount, referred to the amount claimed in the complaint, (as the amount so referred to is on record as the subject of controversy,) might, perhaps, have sufficient elements of certainty, but that it would be dangerous to go further. Here the verdict does not express the amount, nor

refer to anything to show what was intended.    I think it a dangerous rule that the court will hunt through the record, the pleadings, and the statement of the case, for the purpose of founding an inference that, because the amount claimed in the complaint does not appear to have been controverted in the pleadings or on trial, the jury must have intended that amount.