## Edwin Harris v. J. F. Humphrey & Co.

1. PRACTICE—*Dismissing Suit as to One of Two Joint Defendants.*— Where a declaration charged two defendants with joint liability, and after the proofs were in, and arguments heard, the suit was dismissed as to one defendant against the objection of the other defendant, *held,* that as the plaintiff, by reason of the objection made by the remaining defendant, was apprised of the defective condition of the declaration, he should have amended it, and having failed to do so, it was error for the court to enter judgment against the remaining defendant alone.

**Assumpsit,** for goods sold and delivered. Error to the County Court of Woodford County; the Hon. THOMAS KENNEDY, Judge presiding. Heard in this court at the April term, 1902. Reversed and remanded. Opinion filed July 18, 1902.

JAMES A. RIELY, attorney for plaintiff in error.

AGLE & HAWK and BARRY, MORRISSEY & FIFER, attorneys for defendants in error.

MR. JUSTICE HIGBEE delivered the opinion of the court.

J. F. Humphrey & Co., a corporation in the wholesale grocery business, sold to Mary Harris, wife of Edwin Harris, groceries for her retail store at Minonk, and charged the same to her account. On January 30, 1901, when all the items with which she was charged in the account were more than five years old, except the last one of $3, Humphrey & Co. brought suit against her for the recovery of the several amounts claimed to be due them and interest, amounting in all to $329.92. An officer of the corporation

filed with the declaration an affidavit of merits, showing that the demand was for goods and merchandise sold and delivered to her. The declaration which contained only the common counts, was afterward amended by making Mary and Edwin Harris defendants and a like affidavit of merits was filed stating that these parties owed the corporation for the goods. Edwin Harris filed a plea in abatement, and the declaration was again amended by making Mary and Edwin Harris defendants, another affidavit of merits be ing also filed. Pleas having been filed and issue joined, a jury was waived and there was a trial before the court.

When all the evidence was in and the arguments heard, plaintiff below asked leave to dismiss the suit as to Mary Harris. Defendant Edwin Harris objected, assigning as a reason that the suit was a joint action and judgment should go against both defendants or none of them, and that no declaration had been filed setting up a cause of action against him individually. The court, however, dismissed the suit as to Mary Harris and retained it as to Edwin Harris. Edwin Harris then asked an opportunity to offer some testimony relative to a conversation an officer of the corporation testified to having had with him, which tended to show that this was his individual debt. This was refused, the court saying " it is too late, the evidence has been closed." He then asked for a continuance and presented an affidavit stating that he was taken by surprise by the dismissal of the suit as to Mary Harris; that there was no declaration on file, charging him with a breach of any individual promise or a separate or individual liability; that he wished an opportunity to testify denying the conversation above referred to as alleged to have taken place between him and an officer of the corporation; that he could produce witnesses, whom he named and who resided in Minonk about twenty-five miles from the place of holding court, to show that Mary Harris was the owner and proprietor of the store at the time the goods in question were claimed to have been bought, and that affiant had no interest therein and that he had no reason to suppose that said witnesses would be necessary at the trial of the case.

Harris v. J. F. Humphrey & Co.

The motion for a continuance was denied by the court, the issues found for the plaintiff against Edwin Harris and judgment rendered against him for $317.48. He has brought the case here by writ of error, and insists that, as the declaration was a joint one against him and Mary Harris, judgment should not be rendered against him alone after the suit was dismissed as to her, without amendment.

In answer to this proposition defendant in error asserts that under a declaration charging joint liability, proof of a cause of action against only one defendant, after the other has been dismissed, without amending the declaration, is merely a variance which can not be availed of without an objection to the testimony on the ground of variance or a motion to exclude the evidence for that reason. To support this position defendant in error relies upon the case of A. W. Stevens Co. v. Kehr, 93 Ill. App. 510, where there was a declaration charging two with joint liability and the suit was dismissed as to one before the trial of the cause, judgment being rendered against the other. This court there held " the fact that the proof showed a cause of action against only the remaining defendant, while the allegation was of the joint liability of the two defendants, was merely a variance, and in order to avail thereof on appeal there should have been an objection to the testimony on the ground of variance, or a motion to exclude the evidence for that reason. (Mayer v. Brensinger, 180 Ill. 110.) No such objection or motion was interposed, nor was the point made in the court below, where plaintiff could have amended his declaration. We therefore conclude this variance does not entitle defendant to a reversal."

The same conditions, however, do not exist in this case. Here the dismissal of the case as to Mary Harris was not entered until after the proofs were all in and the arguments heard. When, however, the motion was made to dismiss the suit as to Mary Harris, plaintiff in error objected unless the suit was also dismissed as to Edwin Harris, for the reasons above given. By this objection and also by the affidavit for a continuance afterward filed, where the condition of the declaration is again referred to as a reason why the

suit should not be maintained, the attention of defendant in error was called to the fact that the declaration charged a joint liability. Under such circumstances defendant in error, having had ample notice of its defective condition, should have amended the declaration, and having failed to do so, it was error for the court to render a judgment under that declaration against Edwin Harris alone.

We are also of opinion that as the issues were completely changed by the dismissal of Mary Harris from the suit, the court should, after that took place, have permitted Edwin Harris to introduce proof as to his liability. The judgment of the court below will therefore be reversed and the cause remanded for another trial.