## Minnesota Mutual Life Insurance Company v. Don Miller Welsh.

### Gen. No. 12,923.

1. INTEREST—*when not allowable upon written contract.* Where loss is not payable until after presentation of proofs of death, interest cannot be recovered upon an amount due under an insurance policy until after such proofs have been presented.

2. VERDICT—*how interest should be included in.* It is informal to render a verdict for a principal sum and provide for interest at a

specified rate; the interest should be computed by the jury and a vedict rendered for an aggregate amount.

3. APPELLATE COURT—*power of, to enter judgment for correct amount.* Where a judgment is for an incorrect amount, but the correct amount is apparent from the record, the Appellate Court by virtue of statute may enter judgment for the correct amount.

Action of *assumpsit.* Appeal from the Superior Court of Cook county; the Hon. ROBERT W. WRIGHT, Judge, presiding. Heard in this court at the March term, 1906. Affirmed in part, reversed in part, and judgment here. Opinion filed January 7, 1907.

TENNEY, COFFEEN, HARDING & WILKERSON, for appellant.

ALBERT M. KALES, for appellees.

MR. JUSTICE ADAMS delivered the opinion of the court.

This appeal was consolidated for hearing and heard with the appeals, Minnesota Mutual Life Insurance Company v. Lizzie Miller Link, and Same v. Mary Miller, *ante,* p. 89. The records in the three appeals are the same, except in the names of the appellees, and except, also, that the record in this appeal shows the verdict of the jury to have been: "We, the jury, find the issues for the plaintiff and assess the plaintiff's damages at the sum of one thousand dollars ($1,000), with interest at the rate of five per cent. from date of death." The judgment was, "Thereupon, it is considered by the court that the plaintiff do have and recover of and from the defendant his said damages of one thousand dollars ($1,000.00), with interest, in form as aforesaid by the jury assessed, together with his costs and charges, in this behalf expended, and have execution therefor."

The opinion in the other two appeals above mentioned is applicable and is adopted as the opinion in this appeal, except as to the verdict and judgment in this appeal.

The verdict is erroneous in two particulars: (1)

In finding the plaintiff entitled to interest from the date of death of the insured.   The amount of the insurance, $1,000, was not, by the express terms of the policy, payable until the receipt and approval by the insurance company of proofs of death.   (2)   It is erroneous, in that the jury did not compute the interest allowable, and either specify the result, or add it to the principal, and assess the damages at the amount of $1,000 plus the interest, thus added together; in other words assess as the damages the sum of the two.   As the judgment follows the verdict as to the interest, it also is so far erroneous.   It is apparent that the jury intended by their verdict to allow appellee interest on the sum of $1,000, and it is apparent from the record that appellee should be allowed interest from the date when the proofs of death were furnished to the appellant, if such date appeared; but that date is not contained in the record. The bill of exceptions, which is a part of the record, merely shows that the proofs were furnished before suit brought.   However, the record, to which we can refer, shows that the suit was commenced November 20, 1902.   The interest, at five per cent. per annum from that date is less than the appellee is entitled to recover on proof of date of furnishing proofs of death, and the trial court might properly have computed the interest from November 20, 1902, and rendered judgment for the sum of principal and interest.   That court could have looked to the summons in the record to ascertain when the suit was commenced.   Hattenbach v. Hoskins, 12 Ia. 109; Griffin v. Chadwick, 44 Tex. 406.

The court, for the purpose of amending a verdict, may look to the record for the necessary *data*.   McKinney v. Armstrong, 97 Ill. App. 208, 213.

We have power to render such judgment as the trial court ought to have rendered.   Hurd's Rev. Stat. 1905, p. 602, secs. 26 and 27; p. 599, sec. 7; p. 1542, sec. 80; Prince v. Lamb, Beecher's Breese, 378, 381.

The date of the judgment is November 27, 1905, and the interest at five per cent. per annum from November 20, 1902, when the suit was commenced, till November 27, 1905, is $150.97.

It is not necessary to reverse the judgment totally, as, by section 81 of the Practice Act, the judgment may be partially reversed, and such judgment may be rendered here as the trial court should have rendered. Therefore, the judgment will be affirmed as to the sum of $1,000, and reversed as to so much thereof as is in these words: "with interest, in form as aforesaid, by the jury assessed," and judgment will be rendered here for the sum of $1,150.97, with interest thereon at the rate of five per cent. per annum from November 27, 1905. Neither party to recover costs in this court.

*Affirmed in part and reversed in part and judgment here.*