MARIA M. CROWLEY, Appellee, *vs.* THE METHODIST BOOK CONCERN, Appellant.

*Opinion filed October 28, 1926.*

1. LACHES—*when party in possession is not guilty of laches.* Laches is not imputed, in equity, against a possessor of real estate in bringing an action to clear his title, but it runs against one who is out of possession, as possession is notice to all of the possessor's equitable rights, and he need assert them only when he finds occasion or desires to do so.

2. MORTGAGES—*when a wife may redeem as equitable owner.* Where title is taken in the name of a wife and there is no showing of an intent to defraud the husband's creditors she is entitled to redeem from foreclosure of a mortgage made by herself and her husband notwithstanding the fact that she had executed a deed of the property to her husband, where the undisputed evidence shows such deed was obtained by the husband by duress and threats against the wife, as the wife, in such case, is the equitable owner.

3. SAME—*when redemption is properly made.* A redemption from a decree of foreclosure is properly made in behalf of the mortgagor where, in accordance with the directions of the master in chancery over the telephone on the last day of the redemption period, a check for the correct amount required is deposited in the master's mail box at his home before midnight of said day.

4. DEBTOR AND CREDITOR—*when payment will be treated as cash settlement.* Where one person is obligated to pay money to another, a payment made in any mode or with any medium satisfactory to the payee, if such payment is received as a satisfaction of the demand by the payee, is equivalent to and will be treated as a payment in cash.

APPEAL from the Circuit Court of DuPage county; the Hon. WILLIAM J. FULTON, Judge, presiding.

SAMUEL J. HOWE, for appellant.

EDWARD G. BERGLUND, for appellee.

Mr. JUSTICE HEARD delivered the opinion of the court:

On August 31, 1915, Minnie E. Russell, being the owner of certain premises in DuPage county here in controversy, conveyed the same to appellee, Maria M. Crowley, and ap-

pellee, together with her husband, Jeremiah J. Crowley, executed seven notes for $500 each, evidencing a part of the purchase price, and secured the same by trust deed upon the premises. Four of these notes were paid, and appellee having defaulted on subsequent payments, Mrs. Russell, holder of the unpaid notes, filed her bill in chancery in the circuit court of DuPage county to foreclose the trust deed, and such proceedings were had therein that a decree of sale was entered by the court and the property sold by the master in chancery of the court on October 10, 1921, and a certificate of sale was issued to Mrs. Russell and the sale confirmed by the court. On February 26, 1921, appellee (her husband joining her in the deed) made a deed of the premises to her husband, which deed on April 7, 1921, was filed for record in the recorder's office of DuPage county. On August 3, 1920, the Methodist Book Concern recovered a judgment in the municipal court of Chicago against Jeremiah J. Crowley for $3212.60 and costs. On May 9, 1921, a transcript of this judgment was filed in the office of the clerk of the circuit court of DuPage county and an execution issued thereon and placed in the hands of the sheriff of DuPage county, which execution was returned by him "no property found and no part satisfied." In the foreclosure suit the Methodist Book Concern was made a party defendant together with the Crowleys, and it answered, setting up its judgment against Crowley. On the evening of October 10, 1922, Alfred C. Hoy, on behalf of appellee, had a telephone conversation with the master in chancery, in which Hoy asked the master if he would accept his check to redeem the premises from the foreclosure sale for appellee, inasmuch as it was the last day for her to redeem from the sale, and the master said that he would accept the check. Thereupon Hoy went to the home of the master in chancery, in Naperville, and a check drawn by Hoy for the amount of the redemption money, in compliance with express directions of the master, was placed through a mail

slot in the master's residence before the expiration of the time for redemption. The check was cashed by the master and a certificate of redemption was issued by him to appellee, bearing date of October 10, 1922. On October 11, 1922, an attorney for the Methodist Book Concern caused an alias execution to be issued out of the office of the clerk of the circuit court of DuPage county and delivered the same to the sheriff of that county, at the same time paying to the sheriff $2168.42 as redemption money to redeem from the master's sale. A certificate of redemption was issued by the sheriff and a levy was thereupon made by him upon the premises under the alias execution. Thereafter a sale was made by him, and no one having bid an amount in excess of the redemption money, interest and costs, the property was struck off to the Methodist Book Concern and a deed issued by the sheriff December 2, 1922. On September 19, 1923, appellee, who at all times after her purchase of the premises, in 1915, had remained in possession of the premises, filed her bill in chancery in this cause, making Jeremiah J. Crowley, the Methodist Book Concern and the J. W. Butler Company, another creditor of Crowley, parties defendant, asking the court to set aside the deed from her to Crowley, to set aside the sheriff's deed issued to the Methodist Book Concern, and to hold that her redemption on October 10, 1922, was a valid redemption and a bar to the right of the Methodist Book Concern to redeem from the foreclosure sale. The cause was heard by the chancellor in open court and a decree entered in accordance with the prayer of appellee's bill, the decree finding that the deed from her to Crowley had been obtained from her by unlawful acts, threats and duress of her husband, and that the redemption made by her on October 10, 1922, was a valid redemption.

The evidence shows that on May 27, 1920, Jeremiah J. Crowley filed a bill in chancery in the circuit court of DuPage county seeking to have a trust declared in his favor

in the premises in question on the ground that the purchase price of the premises at the time the deed was made by Minnie E. Russell to appellee was paid by him and that appellee held the title to the premises in trust for him. A demurrer was sustained to the original bill of complaint and also to an amended bill of complaint, and on January 25, 1921, a decree was entered in the circuit court of DuPage county dismissing the bill for want of equity. The evidence shows that the funds for carrying on this litigation on behalf of Crowley were furnished by the Methodist Book Concern. The evidence also shows that on October 14, 1920, the Methodist Book Concern, at the request of Crowley, filed a creditor's bill in the circuit court of DuPage county against Crowley and appellee based upon its judgment against Crowley, seeking to have the premises in question subjected to the payment of the judgment. Appellee filed a demurrer to the bill. The demurrer was sustained and on April 25, 1921, the bill was dismissed for want of equity. Much space is devoted in the briefs and arguments of the parties as to whether or not these decrees were *res judicata* as to questions involved in this suit. In the view which we take of this case it is not necessary to discuss or decide those questions.

It is contended by appellant that appellee is barred from maintaining her bill by reason of *laches* on her part. *Laches* in bringing this suit cannot be imputed to her, because she was in possession of the premises before the Methodist Book Concern judgment was rendered and has been in continuous possession thereof ever since. *Laches* is not imputed, in equity, against a possessor of real estate in bringing an action to clear his title, but it runs against one who is out of possession. (*Mills* v. *Lockwood,* 42 Ill. 111.) Possession is notice to all of the possessor's equitable rights, and he needs to assert them only when he finds occasion or desires to do so. *Wilson* v. *Byers,* 77 Ill. 76; *Whitsitt* v. *Trustees,* 110 id. 125; *Parker* v. *Shannon,* 137 id.

376; *Ducey* v. *Peterson,* 258 id. 321; *Swanson* v. *Kohout,* 304 id. 606.

The evidence does not show the taking of the deed from Minnie E. Russell in the name of appellee was a fraud upon the creditors of Jeremiah J. Crowley. While Crowley was indebted to the Methodist Book Concern at that time, the evidence shows that appellee, prior to the purchase of the premises, had in her possession moneys largely in excess of the amount paid and that those moneys were used in making the payment. The evidence also shows that Crowley at that time had other and valuable assets, and there is no evidence whatever to show that he was insolvent at that time or that there was any occasion for him to attempt to place his property beyond the reach of his creditors. There is no evidence in the record that the indebtedness which he then owed the Methodist Book Concern had not all subsequently been paid. The evidence does not show that at the time of the entry of the judgment against him in favor of the Methodist Book Concern he was not abundantly able to pay the same. The uncontradicted evidence, oral and documentary, shows conclusively that that judgment was entered against him at his request so that he might have a creditor file suit against him for the purpose of having a trust declared in the real estate in question. At that time he was in a controversy with his wife with regard to the property, and the evidence shows that this judgment was procured in an attempt to get the benefit of at least a portion of the property which stood in her name. He was a writer of books and the owner of copyrights, plates and unsold books. The evidence shows that he had an account in a Wheaton bank from 1915 to 1922, in which bank he made many substantial deposits, one of which on April 2, 1917, was $7219.24. The chancellor found that the time Minnie E. Russell conveyed the property to appellee both appellee and Crowley were in a flourishing condition finan-

cially. The evidence falls far short of being sufficient to show that the title to the premises in question was taken in appellee's name for the purpose of defrauding Crowley's creditors.

The undisputed evidence shows that the deed from appellee to Crowley, dated February 26, 1921, was made under duress by reason of repeated threats by Crowley that unless she would sign it the house upon the premises would be burned and she would "leave the house in a box." It also shows that very shortly after making the deed she consulted two attorneys of DuPage county about taking steps to have the deed removed as a cloud upon her title, one of whom was the attorney who represented the Methodist Book Concern in the circuit court, and that she did so prior to the foreclosure, in October, 1921. While, after the making of this deed, the legal title to the premises was in Crowley, appellee was the equitable owner thereof, and as such she was entitled to redeem from the sale made pursuant to the decree of foreclosure. (*Whitcomb* v. *Sutherland,* 18 Ill. 578.) Appellee being the equitable owner of the equity of redemption had a right to redeem from the master in chancery's sale up until midnight of October 10, 1922. The evidence shows conclusively that she exercised that right in a manner satisfactory to the master in chancery. The deposit of the check in the slot of the master in chancery's mail box in his home by his direction was a payment to him just as much as if it had been put in his hands personally. Where one person is obligated to pay money to another, a payment made in any mode or with any medium satisfactory to the payee, if such payment is received as a satisfaction of the demand by the payee, is equivalent to and will be treated as a payment in cash. *Ralston* v. *Wood,* 15 Ill. 159.

Appellee being the equitable owner of the equity of redemption and she having redeemed the property from the master in chancery's sale, it necessarily follows that any

attempted redemption made by a judgment creditor of her husband was invalid, and her title to the premises could not be affected in any manner by any subsequent proceedings based upon such attempted redemption by a creditor of her husband.

The decree of the circuit court must therefore be affirmed.

*Decree affirmed.*