286

Jessie Erickson, Appellee, v. Grace R. Gregory et al., Appellants.

Gen. No. 8,566.

Opinion filed April 25, 1934. Re-hearing denied June 25, 1934.

WOLF & LOVE, for appellants; STEPHEN LOVE, of counsel.

EDGAR F. THOMA and ALSCHULER, PUTNAM, FLANNIGEN & JOHNSON, for appellee; W. C. O'BRIEN, of counsel.

MR. JUSTICE HUFFMAN delivered the opinion of the court.

Appellant, Albert Gregory, was a motorman on the Chicago, Aurora and Elgin Railway. He lived at Wheaton, Illinois, and was the husband of appellant, Grace R. Gregory. Appellee lived at Elmhurst, Illinois. One spring day in the year 1923, appellee was at the station in Elmhurst when appellant brought his train of electric cars to a stop. Appellee at this time was holding a bouquet of flowers. She took one and tossed it up to appellant with the remark, ''Here is a flower for the motorman.'' Appellant thanked appellee for her favor. This chance meeting ripened into a warm friendship between appellee and the appellant husband, which continued until the spring of 1926. During this time the evidence shows that appellee and appellant would see each other from time to time, upon which occasions they would discuss flowers and gardening, and would exchange bulbs with each other at appropriate seasons of the year; and that appellee would bring pie and cake, and upon one occasion roast

duck, to appellant at the station, where the same were delivered to him for his enjoyment.

This platonic friendship continued until the spring of 1926, as aforesaid, when upon one night, appellant's wife, Grace R. Gregory, took the family car and drove to the lodge hall where appellant was supposed to be attending a lodge meeting. Upon her arrival at the lodge hall, she was advised by appellant's fraternal brothers that he had not been to lodge that night. Whereupon appellant, Grace R. Gregory, returned home, and upon the husband's return, a stormy session was had, wherein the husband admitted to the wife that he had spent the evening at the home of appellee, and further confessed to the acquaintance and friendship with appellee as above set out.

Upon the following morning Grace R. Gregory went to the home of appellee and advised appellee that she knew her husband had been there the night before, and that she had come to settle with appellee. It is claimed by appellee that the said wife stated appellee's property was worth $14,000 and thereupon demanded the sum of $5,000. The evidence shows repeated and continued visits and messages from the said wife to appellee. Appellee claims the wife stated she was going to make the husband sign over to her everything he had, and divorce him, and make appellee pay her $5,000; that the wife threatened her, stating that she was not born and raised in Canada for nothing; that she was a pretty straight shot; and unless appellee made settlement as demanded there would be a terrible tragedy. The evidence further shows that the wife stated she was going to take appellee's home away from her in addition to the $5,000, and that she was going to get her job at the Hillman Department Store in Chicago. The evidence shows that the wife did go to the above store where she created a scene. It appears that the wife took appellee from

her residence to the home of appellants, in appellants' car, and there in the presence of the husband, Albert Gregory, procured an instrument which she stated to appellee was a note, and appellee claims she was there caused to sign the note in the sum of $5,000, because of the threats of the said wife, with the husband present. It is apparent from this record that the husband acquiesced in the conduct of the wife and submitted to such demands and directions as she made. However, the evidence does disclose that the husband when outside of the presence of the wife, in referring to her would use most opprobrious and shocking terms.

After the giving of the note as aforesaid, the conduct and methods employed by the appellant wife continued until appellee gave to said appellant her check for $5,000 in lieu of said note. Appellee claims the said wife advised her that she was a former deputy sheriff, and read to her from a law book for about 15 minutes, all of which appellee claims she did not understand. The evidence shows the wife stated she had not yet found out just how much she was damaged, and that she would have to dig it out of Albert. Albert, upon the trial of the cause, insisted that the friendship between himself and the appellee consisted only of discussions regarding flowers and gardening, together with the exchange of bulbs as aforesaid; and with appellee occasionally bringing food to him, as above set out. He did, however, claim that he and appellee were guilty of one act of indiscretion in the spring of 1925.

Appellee's check to the appellant, Grace R. Gregory, was presented by appellant to the bank upon which it was drawn, and there paid, on June 11, 1926. The proceeds of this check were deposited to the joint account of appellants, and $4,500 of the money was applied to the payment of a note of which appellants were makers.

Appellee instituted this suit against appellants for the recovery of said money on June 11, 1931. It is insisted by appellants that the statute of limitations had run, but we are of the opinion that appellee had until midnight of June 11, 1931, to bring her suit. *Crowley v. Methodist Book Concern,* 323 Ill. 215, 216, 220. The check was dated a day or two prior to the day it was cashed, but par. 210 of ch. 98, Cahill's St. 1931, provides that, "A check of itself does not operate as an assignment of any part of the funds to the credit of the drawer with the bank, and the bank is not liable to the holder, unless and until it accepts or certifies the check." We therefore do not consider that payment took place until the day appellants presented the check at the bank and received payment thereof.

Appellants also urge for reversal the fact that in the beginning of this suit, Thomas Gregory, Albert's brother, was made a party defendant, due to the fact he drove the car for appellant, Grace R. Gregory. Thomas Gregory did not share in any of the money paid and did not endeavor to coerce appellee into the payment of this money. He was dismissed out of the suit at the time of the hearing. Appellants insist this constitutes reversible error because after the dismissal of said defendant, the declaration was not amended; urging that it is improper to dismiss one defendant alleged to be jointly liable, and continue as to the other defendants, without amending the declaration. It does not appear, however, that the appellants made any objection to the dismissal of this defendant and did not object to the testimony offered in the case on the grounds of a variance. No such motion being interposed, nor the point being made in the trial court, where appellee could have amended her declaration, we do not consider the same to now constitute reversible error. *Harris v. Humphrey & Co.,* 103 Ill. App. 45, 47; *Mayer v. Brensinger,* 180 Ill. 110, 118; *Teich v. Ayer,* 213 Ill. App. 41, 45.

Appellants urge reversal because of the refusal of the trial court to give appellants' offered instruction number eight, but upon examination, we find that this instruction is covered by appellants' given instructions, numbered three and four.

Appellants complain as to appellee's given instruction number one, which was as follows:

"The court instructs the jury that the plaintiff may recover in this suit if the jury believe from the evidence that the defendants, or either of them, had in his or their possession when this suit was commenced money which in equity and good conscience belongs to the plaintiff; and if the jury believe from the evidence that the defendants, or either of them, through fraud, coercion, intimidation, or threat to do an illegal act induced the plaintiff to pay out $5,000, then the jury should find the issues for the plaintiff."

They complain because this instruction uses the words, "which in equity and good conscience belongs to the plaintiff." This was an action brought by appellee for money had and received. We think appellants' objection is obviated by the ruling of the court on instruction number three given in the case of *Reichwald v. Gaylord,* 73 Ill. 503. That instruction contained the same phrase and was approved by the Supreme Court in the above case. Appellants further object to that portion of appellee's instruction number one, which had to do with the appellants inducing the appellee to pay over the money through coercion, intimidation, or threats. Appellants' given instructions two, three, and four, contain substantially the same language. Under such circumstances appellants cannot now be heard to complain of an alleged error in appellee's instruction number one, when the same matter objected to is contained in appellants' own instructions. *Hunter v. Sanitary District of Chicago,* 179 Ill. App. 172, 177; *Robishaw v. Schiller Piano Co.,* 179 Ill. App. 163, 170.

Appellants next urge the verdict is so uncertain in its terms that no lawful judgment could be entered thereon. The verdict reads as follows: "We, the jury, find the issues for the plaintiff, Jessie Erickson, and against the defendants, Grace R. Gregory and Albert Gregory, and assess the plaintiff's damages in the sum of $5,000, plus interest at 5%." They urge the verdict fixed no date from which the interest was to be computed, and that therefore the court could not enter judgment on the verdict for the sum of $6,479.13, as was done. The court in this case instructed the jury that in the event they should find the plaintiff was entitled to recovery from the defendants, they might allow plaintiff interest at the rate of five per cent per annum on such sum as they believed from the evidence plaintiff should receive from the defendants, from the date such money was received by the said defendants until the time of the verdict.

Judgment was entered by the court on the verdict in favor of appellee herein and against appellants on June 11, 1932, for $5,000, and the interest thereon, which totaled the sum of $6,479.13, and the costs. Appellants do not dispute the correctness of the interest as computed by the trial court in this judgment. In their objections to the judgment they rely upon the case of *Minnesota Mut. Life Ins. Co. v. Welsh,* 131 Ill. App. 103. It appears in the opinion of the court in that case, that, "It is apparent from the record that appellee should be allowed interest from the date when the proofs of death were furnished to the appellant, if such date appeared; but that date is not contained in the record." The court in that instance was unable to determine the interest to be charged, because nothing appeared in the record to fix the date when interest should commence. It is further stated in said opinion that the court may look to the record for necessary data for the purpose of carrying out a verdict.

Appellants urge the verdict is against the weight of the evidence. The jury heard the witnesses testify, and it was within their province to determine the weight of the evidence. In the state of the record we cannot now say that the verdict is against the manifest weight of the evidence.

The conduct of the appellant, Grace R. Gregory, in this case, is such as cannot be sanctioned. She had her legal remedy which she could have pursued in the courts. Instead, she elected to take the matter in her own hands, and by a continued course of conduct which cannot be countenanced, caused the appellee to part with her money. She must now abide the result of her own acts. Appellants have at all times continued to live together, and have jointly enjoyed the money paid by appellee, using $4,500 thereof in payment upon a joint obligation, and a deposit of the remainder to their joint account. This was an action for money had and received, and we understand the rule to be that such action may be maintained whenever the defendant has obtained money of the plaintiff, which in equity and good conscience he has no right to retain. *First Nat. Bank of Springfield v. Gatton,* 172 Ill. 625, 627.

Counsel for appellants claim that the trial of this case resembled a ''Roman Holiday,'' and urge the cause should be reversed and remanded because of the deportment of the audience that attended the trial. We have examined the record in this respect and do not find any criticism to be made of the trial court.

Finding no reversible error in the record, the judgment of the circuit court of DuPage county is affirmed.

*Judgment affirmed.*