THOMAS J. LEFTWICH *vs.* J. W. DAY and another.

December 2, 1884.

**Malicious Prosecution—Verdict Sufficiently Certain.**—In an action for damages for malicious prosecution, the complaint alleging that plaintiff had incurred an expense of $150 in his defence thereto, and had been subjected to anguish of mind and mortification to his further damage, the jury found the following verdict: "We, the jury in the above-entitled cause, find for the plaintiff $150. Damage, one cent." *Held*, sufficiently certain to sustain a judgment thereon for plaintiff for $150.

**Verdict as recorded Controls.**—The form of the verdict as recorded by the clerk must control, it being that to which the jury presumably finally assented as their verdict.

Appeal by defendants from a judgment of the district court for Hennepin county, *Lochren*, J., presiding.

*Woolley & Reed*, for appellants.

*Davenport & Thian* and *Wilson & Lawrence*, for respondent.

MITCHELL, J.    This was an action to recover damages for malicious prosecution.   The complaint alleges that by reason of this malicious prosecution the plaintiff had incurred an expenditure of $150 in his defence, and had been subjected to great annoyance, anguish of mind, and mortification, and then prays judgment for $10,150 damages.   The jury found the following verdict: "We, the jury in the above-entitled cause, find for the plaintiff $150.   Damage, one cent."

Verdicts are to have a reasonable intendment, and to receive a reasonable construction, and are not to be avoided unless for necessity. However informal, a verdict is good if the finding of the matter in issue may be concluded from it, and the court can clearly understand it.   Hilliard on New Trials, 133, 134; *Pettes* v. *Bingham,* 10 N. H. 514.   We think it sufficiently appears from the verdict that the jury awarded the plaintiff $150.01 damages; probably allowing him the $150 on account of his expense in defending himself from the malicious prosecution, and the one cent for his anguish of mind and mortification.   But it certainly appears clearly that they awarded him $150, even if we reject the remainder of the verdict as superfluous.

It follows that the verdict sustains the judgment, and consequently the clerk's taxation of costs.

It is suggested that the usual dollar-mark found in the recorded verdict was not contained in the written verdict brought into court by the jury. The form of the verdict as recorded must govern. It is to the verdict as recorded by the clerk that the jury presumably assented.

Judgment affirmed.