## JOHN MORIARTY *vs.* PETER McDEVITT.

### May 5, 1891.

Verdict—Certainty Required.—A verdict is not sufficiently certain when it cannot be made certain by reference to the record.

Same—Verdict held Void for Uncertainty.—In the complaint herein, a cause of action arising on contract was set forth, and a payment of $25 thereon admitted. The answer alleged the contract made to have been of an entirely different character, denied the payment, and contained two counterclaims, one being a loan of $25 to plaintiff. This loan was put in issue by the reply, and there was nothing in the record tending to indicate that the payment admitted by the plaintiff and the loan alleged by the defendant were the same transaction. The verdict was as follows: "We, the jury in the above-entitled action, find a verdict in favor of the plaintiff in the sum of the twenty-five ($25) dollars, now in his possession;" and on this verdict judgment was entered against the plaintiff. *Held,* that the verdict was too uncertain to sustain the judgment.

Appeal by defendant from an order of the district court for Scott county, *Baxter,* J., presiding, (acting for the judge of the 8th district,) setting aside a judgment for costs, entered on a verdict.

*James McHale* and *Southworth & Coller,* for appellant.

*R. A. & F. C. Irwin,* for respondent.

COLLINS, J. The verdict rendered in this action, the same being properly entitled and signed, was as follows: "We, the jury in the above-entitled action, find a verdict in favor of the plaintiff in the sum of the twenty-five ($25) dollars, now in his possession." Thereupon judgment was entered against the plaintiff for the amount of defendant's costs and disbursements, which judgment was set aside upon the ground that, by reason of its ambiguity and uncertainty, the verdict was of no value for any purpose. The order appealed from must be affirmed, unless the verdict can be treated and considered as for the defendant,—the finding of the jury construed to the effect that plaintiff had no cause of action. A verdict must be confined to the matters put in issue by the pleadings, and, if responsive to these issues, it is sufficient. It must be construed with

reference to the pleadings, and is sufficiently certain if it can be made certain by reference to the record. Although informal, it is good, if the finding of the matter in issue may be concluded from it, and it can be understood by the court. *Jones* v. *King*, 30 Minn. 368, (15 N. W. Rep. 670;) *Leftwich* v. *Day*, 32 Minn. 512, (21 N. W. Rep. 731.) The correctness of these rules will not be questioned; the difficulty lies in their application to the verdict here. In the complaint, wherein was set forth a cause of action arising on contract, the plaintiff admitted a payment of $25 by defendant. By the answer the making of the alleged contract and the payment of any sum of money thereon were denied. The defendant averred the making of an entirely different contract, and also set up two counter-claims,—one for grain sold and delivered to plaintiff, said to be of the value of $13.10; the other for money to the amount of $25, alleged to have been loaned to him. Both of these demands were put in issue by the reply, and there is nothing in the record tending to indicate that the payment referred to in the complaint and the loan alleged in the answer were the same transaction. Possibly this might be inferred, and it might also be conjectured that the language of the verdict in respect to the $25, "now in his possession," had reference to the sum which plaintiff admitted he had received, or had reference to the amount claimed by defendant to have been a loan. But we are of the opinion that to so assume would require too much surmise and conjecture as to what was intended by the jury. A substantial requisite of a verdict, the element of certainty, is wanting; and while it is the duty of a court to mould a verdict into form where the intention of the jury appears, it cannot be done with safety in this instance. A somewhat analogous case, in which the verdict was set aside for uncertainty, is that of *Diehl* v. *Evans*, 1 Serg. & R. 367.

Order affirmed.