HENRY COHUES v. MARTIN FINHOLT.[1]

May 31, 1907.

Nos. 15,163—(92).

**Construction of Verdict.**

A verdict is not to be isolated from the pleadings and record before the trial court and read as an abstraction. It must be read and construed by the trial court in the light of the issues made by the pleadings and the record, exclusive of the evidence.

**Same—Informality.**

Although a verdict may be informal, yet it is sufficient if by a reference to the pleadings and record it can be made certain; but, if it cannot, the defect is not cured by the entry of a judgment which is definite and certain on its face.

**Ejectment—Verdict.**

Rules applied, and *held*, that the verdict in this an action of ejectment was sufficient to authorize the trial court to enter judgment thereon.

Action in the district court for Ramsey county to recover possession of a certain tract of land and $25 damages for the withholding thereof. The case was tried before Orr, J., who found in favor of defendant. Plaintiff paid the costs and a second trial was had before Kelly, J., and a jury, which rendered a verdict in favor of plaintiff. Objections by defendant to the entry of judgment were overruled, and from the judgment entered pursuant to the verdict defendant appealed. Affirmed.

*Harold Harris* and *C. E. & J. C. Otis,* for appellant.

*R. A. Walsh,* for respondent.

START, C. J.

The complaint, in this an action of ejectment, alleged that the plaintiff was the owner and entitled to the possession of a tract of land described as follows, namely: Commencing at a point on the southeast corner of lot numbered 30, block numbered 4, Lyton's addition to St. Paul, according to the map and plat thereof on file and of record in the office of the register of deeds of Ramsey county; thence northerly

[1] Reported in 112 N. W. 12.

along the easterly line of the lot 40 feet; thence westerly on a line parallel with the southerly line of the lot, one foot; thence southerly, on a line parallel with the easterly line of the lot twenty six and one quarter feet; thence easterly, on a line parallel with the southerly line of the lot, three and one half inches; thence southerly, on a line parallel with the said easterly line of the lot, to the northerly line of Sycamore street, being the southerly line of the lot; thence easterly along the southerly line of the said lot to the place of beginning—and, further, that the defendant was in possession of the land and wrongfully detained it from the plaintiff. The answer denied the plaintiff's title and alleged adverse possession of the land by the defendant for more than fifteen years.

The cause was tried by the court without a jury, and findings of fact and conclusions of law made in favor of the defendant, and judgment so entered. The plaintiff paid the costs, and a second trial was had upon his demand, which resulted in a verdict by the jury in these words:

> We, the jury in the above-entitled action, find a verdict in favor of the plaintiff, and that the plaintiff is entitled to recover a judgment for the strip of ground or land following, to wit: Commencing at the center of the fence built by the defendant west of and adjacent to his house; thence northerly, along said fence, 14 feet, to the line of the Finholt house extended west; thence easterly 7⅜ inches; thence southerly 14 feet to the street; thence westerly 8½ inches to point of beginning.

The defendant objected to the entry of judgment in favor of the plaintiff on this verdict, for the reason that it was indefinite, uncertain, and failed to locate any land. The objection was overruled, and judgment entered in favor of the plaintiff upon the verdict for the recovery of the possession of the land, which was definitely described in the judgment. The defendant appealed from the judgment, and here urges that the verdict was so indefinite that no judgment could be predicated thereon.

The judgment as entered by the court is valid upon its face, and the land is so definitely described therein that there can be no difficulty in executing the judgment. The question, then, for our decision, is this:

Did the verdict authorize the court to enter the judgment that was entered? The answer to the question depends upon whether the verdict was sufficiently certain as to the description of the land to enable the trial court to understand therefrom what land the plaintiff was entitled to recover from the defendant. A verdict is not to be isolated from the pleadings and the record before the trial court and read as an abstraction. It must be read and construed by the trial court in the light of the issues made by the pleadings and the record, exclusive of the evidence. Although a verdict may be informal, yet it is sufficient to justify the entry of a judgment thereon if by a reference to the pleadings and record it can be made certain; but, if a verdict is so indefinite that it cannot be made certain by such reference the defect is not cured by the entry of a judgment certain and definite on its face. Jones v. King, 30 Minn. 368, 15 N. W. 670; Leftwich v. Day, 32 Minn. 512, 21 N. W. 731; Moriarty v. McDevitt, 46 Minn. 136, 48 N. W. 684; Adamson v. Sundby, 51 Minn. 460, 53 N. W. 761.

It is the contention of counsel for the defendant that only the pleadings can be referred to by the trial court in order to determine whether the verdict is sufficiently certain to justify the entry of a judgment thereon. The reason of the rule that reference cannot be made to the evidence for the purpose of construing the verdict is that it is the province of the jury to draw inferences of fact from the evidence, and if they fail clearly to express the ultimate fact found by them the court cannot examine the evidence to ascertain the fact. This reason does not apply to the record of the case before the court, including the pleadings; and if the meaning of the verdict is certain and clear when it is read in connection with such record, it is sufficient, and the court may and ought to direct the entry of a judgment thereon in such terms as will express the intention of the jury.

It is also urged that no part of the record of the case on the first trial can be referred to in connection with the verdict in the second trial. Upon an appeal to this court from a judgment of the district court, it is the duty of the clerk of that court to send to this court a certified copy of the judgment roll. R. L. 1905, § 4271. The judgment given on a second trial of an action of ejectment must be annexed to the judgment roll of the first trial. R. L. 1905, §§ 4430, 4431. It follows that the ultimate judgment roll certified to this court on this appeal in-

·cludes the judgment roll or record on the first trial, all of which was before the trial judge when the verdict here in question was returned. We are of the opinion that it was proper for the trial judge to read and ·construe the verdict with reference to such record, and that it justifies the trial court's construction of the verdict, which was this: "It ·means that plaintiff owns a strip of land fronting Sycamore street, :about where lots 30 and 31, block 4, Lyton's addition, adjoin each other, ·8½ inches wide on the street by 14 feet in depth, but which narrows to 7⅜ inches in width where the defendant's house is reached, the exact westerly line of which strip is fixed by a fence standing on the ground. Read in the light of the record, the landmarks are Sycamore street, the ·defendant's house on lot 31, block 4, Lyton's addition, and the fence ·extending from the street to the front line of the house, when extended ·west." It follows that the judgment entered was authorized by the ver-·dict.

Judgment affirmed.