## HARRY FRY v. MINNEAPOLIS, ST. PAUL & SAULT STE. MARIE RAILWAY COMPANY.[1]

October 25, 1918.

No. 20,911.

**Negligence of engineer a question for the jury.**

1. Plaintiff, a brakeman, was injured by falling from a flat car and the wheels thereof passing over his left arm. *Held*, that the testimony was sufficient to make an issue for the jury as to whether the accident was occasioned by the negligence of the engineer.

**Damages not excessive.**

2. The damages as reduced by the trial court are not excessive.

Action in the district court for Beltrami county to recover $30,000 damages for personal injuries. The answer alleged plaintiff's contributory negligence and that he assumed the risks of his employment. The case was tried before Stanton, J., who when plaintiff rested denied defendant's motion to dismiss the action and at the close of the testimony its motion for a directed verdict, and a jury which returned a verdict for $24,000. Defendant's motion for judgment notwithstanding the verdict was denied, and its motion for a new trial was granted unless plaintiff consented to a reduction of the verdict to $15,000. From the order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*John L. Erdahl* and *Marshall A. Spooner*, for appellant.

*Samuel A. Anderson*, for respondent.

[1]Reported in 169 N. W. 147.

QUINN, J.

Action to recover for personal injuries alleged to have resulted through the negligence of the defendant's servants in charge of one of its locomotives at Bemidji, in this state, on August 22, 1916. Plaintiff recovered a verdict for $24,000. A settled case and a motion for judgment notwithstanding the verdict, or for a new trial, were made by the defendant. The motion for judgment was denied by the trial court and a new trial ordered, unless the plaintiff within a stated period filed his consent to the reduction of the verdict to $15,000, in which case a new trial was denied. The plaintiff filed his consent to the reduction and defendant appealed.

At the time of the injury, the plaintiff was 39 years of age, in good health, and engaged as head brakeman on one of defendant's freight trains, earning from $100 to $120 per month.

At Bemidji the main track of defendant's line of road extends east and west through the yards. On the north side thereof is a passing track on which the passenger station was located. Ninety-two feet east of the east end of the passing track is a switch connecting a team track extending west on the south side of the main track.

During the afternoon of the day in question, the freight train, consisting of 35 cars, upon which plaintiff was employed, arrived from the west. It was cut and the rear portion left on the main track. The engine and a number of cars upon which the plaintiff was at work proceeded on the main track to the east of the passing switch, and then backed down onto the passing track where considerable switching was done. The engine, with three box cars attached thereto, then proceeded east over the passing track and onto the main track to the east of the team track switch, the plaintiff riding on the engine. He told the engineer that they would pick up a flat car on the team track, nothing being said as to what was to be done with such car. The plaintiff then threw the switch for the team track and the engine with the three cars backed up and coupled onto the flat car, when the plaintiff signalled the engineer to pull ahead onto the main track. When the flat car at the rear of the train had cleared the switch, plaintiff threw the switch and gave a slow back-up signal, which was complied with. As the west end of the flat car passed the plaintiff, he boarded the

141 M.—3.

same for the purpose of releasing a hand-brake at the northwest corner thereof. It was the purpose of the plaintiff to back the engine and four cars west on the main track to where the rear portion of the train stood, but to stop at the passing track switch·so as to throw the same into line for a passenger train soon to arrive from the east to approach the depot over the passing track.

It is the contention of the plaintiff, and he offered some testimony to the effect that, as he boarded the flat car and started across toward the hand-brake on the opposite side for the purpose of releasing the same, there came a sudden, violent stopping jerk, which threw him off his balance and toward the west end of the car where he recovered himself; that immediately another violent jerk came to the car, which threw him onto the track on which the car was moving so that he struck upon the ground between the rails some four or five feet in front of the car; that the train was moving, at that time, about four miles per hour; that as he struck the ground he threw himself from the track so as to avoid fatal injury, but the first two wheels on the north side of the car passed over his left arm just below the shoulder, fracturing the bone and otherwise injuring his arm and shoulder; that both jerks of the car were occasioned by the application of the straight air by the engineer; that such act on the part of the engineer constituted negligence and was the proximate cause of the plaintiff's injury. The defendant denies that the engineer applied the brakes to the engine as claimed by the plaintiff or at all, or that there was any unusual jerk or movement of the flat car at the time in question, the contention of the defendant being that, when the plaintiff boarded the flat car and was in the act of approaching the brake thereon, he stumbled and fell forward to the ground, while the train was moving steadily along at the rate of about four miles per hour.

Plaintiff's right to recover depends upon whether the testimony is sufficient to support a finding that the air was applied by the engineer, thereby causing the sudden jerking of the car upon which plaintiff was at the time of the accident.

The plaintiff was a brakeman of long experience. He testified that, when he boarded the flat car and was in the act of approaching the hand-brake thereon, the car jerked suddenly, throwing him off his bal-

ance; then came a second and more violent jerk, which threw him off so that he lit between the rails some four or five feet from the car, and that such jerks could have been caused only by the engineer suddenly applying and releasing the straight air. The witness McDougal testified that he stood about four or five hundred feet south of the place of the accident and saw the occurrence; that he saw the plaintiff as he boarded the car and that he saw it stop suddenly; that plaintiff staggered to the west end, when there came another jerk and the plaintiff fell; that he saw dust fly from the car when it jerked. The engineer and fireman testified that the air was not applied and that there was no jerking of the car as contended for by plaintiff. The witness Bullock testified that he was near the flat car and witnessed the accident, and that there was no jerking of the train; that the plaintiff stumbled and fell from the car.

If there were unusual jerks to the car and they were occasioned by the application of the air as claimed by plaintiff, then the defendant was chargeable with negligence. If there were not, then the plaintiff would have no cause of action. We have considered the testimony in connection with the surrounding circumstances, and are of the opinion that the same made an issue for the jury.

While the damages are large, we are unable to say that they are such as to warrant us in saying that the same were given under the influence of prejudice or passion. The plaintiff's left arm was crushed, the bones broken; they have never united. Some bones in the shoulder were broken. He was confined to the hospital for seven weeks, during which time he was put under anaesthetics and operated on several times. Blood poison set in; there were running sores on his arm. He was compelled to use drainage tubes for a long time. He suffered intense pain up to the time of the trial. There was medical testimony that his arm is permanently useless for all practical purposes, and that he will always have more or less pain. We are of the opinion that the verdict as it now stands should not be disturbed.

Order affirmed.