## AXEL ANDERSON v. P. W. VAN DOREN AND OTHERS.[1]

### April 17, 1919.

### No. 21,126.

**Sale — warranty against latent defects — notice to purchaser — parol evidence concerning contract.**

1. The plaintiff sued on a promissory note given in part payment of articles manufactured by him and sold to defendants by a written contract of sale. "Upon a sale by a manufacturer of his own product there is implied a warranty of freedom from latent defects affecting fitness or merchantability. There was such a warranty here." The defendants defended upon the ground of a breach of this warranty. It was competent to show by parol evidence that the defendants were informed of such defects prior to the purchase. Such evidence did not vary the terms of the contract of sale within the parol evidence rule, and the charge of the court that if the defendants were informed of the defects and had knowledge of them when they purchased they could not recover upon the warranty was correct.

**Construction of verdict.**

2. A verdict must be so definite that by reference to the record the finding of the jury is clearly ascertainable. A verdict in this case finding for the defendants and assessing their damages in a sum less than the note, and indicating that such damages should be deducted from the note and interest, the amount of which was undisputed, meant that the plaintiff should recover the amount of his note and interest, less the damages awarded for the breach of warranty; and while bad in form it is not so indefinite that it cannot be given effect.

Action in the district court for Hennepin county to recover $1,002.55 upon a promissory note. The facts are stated in the opinion. The case was tried before Steele, J., and a jury which returned a verdict for $231.-

[1]Reported in 172 N. W. 117.

88, the amount to be deducted from the promissory note of $1,000 plus interest and protest fees. From an order denying their motion for judgment on the verdict for $231.88, or for a new trial as to their counterclaim and for a new trial upon their cause of action under their cross-bill, defendants appealed. Affirmed.

*H. V. Mercer & Co.* and *Jerome K. Simer,* for appellants.

*Erland Lind,* for respondent.

DIBELL, J.

Action on a promissory note. Its execution was admitted. There was a finding for the defendants on their counterclaim or set-off for a less amount than the amount due on the note. They appeal from the order denying their motion for judgment or for a new trial.

1. The note was for $1,000. It was given in part payment of a stock of automobile goods and supplies sold by the plaintiff, or by the plaintiff's company, to two of the defendants and another. The defendants interposed a counterclaim, or perhaps more properly a set-off, for damages aggregating several thousand dollars for the breach of an implied warranty of certain automobile chains, and parts thereof, manufactured by the plaintiff, the defects in which were latent. The contract of sale was in writing. There was no express warranty.

The court permitted parol evidence tending to show that the defendants were advised by the plaintiff of the defective condition of certain of the property, and instructed the jury that, if they were so advised and bought with knowledge, there could be no recovery on an implied warranty of the quality. The defendants' principal grievance lies in the reception of this evidence and the charge of the court relative to it.

The defects claimed were in certain case hardened plates and links, and in certain oil tempered spring steel hooks, which were parts of automobile chains. The jury found in favor of the defendants for the breach of an implied warranty in the sum of $231.88. The finding of the breach, which is a finding in favor of the defendants, does not preclude them from urging the errors which they allege, for it fairly appears that damages in the sum found might have been given upon an implied warranty as to which the parol evidence was not applicable.

A warranty is implied, upon a sale by a manufacturer of his own

product, of freedom from latent defects affecting fitness or merchantability. Different courts phrase the thought in varying terms but there is harmony upon the general principle. The common law traced the reason for the implication of a warranty to the deceit or fraud of the vendor. At first we see the action treated as sounding in tort. Now, while recognizing its origin, the law conceives of the implied warranty as a term of the contract; but if the vendee has an opportunity of inspection he is not protected against patent defects, for then he knows the defects and does not need protection. This is the doctrine everywhere. Kellogg Bridge Co. v. Hamilton, 110 U. S. 108, 3 Sup. Ct. 537, 28 L. ed. 86, and Hoe v. Sanborn, 21 N. Y. 552, 78 Am. Dec. 163, are two well-considered leading cases. Our own are in accord. Dunnell, Minn. Dig. § 8572, et seq. The thought that there must be something in the nature of a reliance by the vendee on the warranty manifests itself in the cases. The implication of a warranty is excluded from the contract, or a remedy upon it denied, upon proof that the vendee knew of the defects and bought on his own judgment without a reliance upon the warranty, just as where the defects are so patent that he must know them.

The evidence is such as to sustain a finding that the defendants went over the stock before its purchase and were informed by the plaintiff that the case hardening process which they had used in the plates and links had not proved satisfactory and that they had trouble because of the chains breaking. There was evidence that the defendants were about prior to the sale and knew that the case hardened links and plates were being stripped from the chains and the jury might infer that they knew it was because they were defective. And there was evidence that in fixing upon the price a reduction was made because of the defects.

We have no question as to the propriety of the parol testimony. The important issue was whether the vendees knew of the defects. If they did they could not rely upon an implied warranty. The parol testimony bore upon that issue. It did not offend the parol evidence rule. It did not vary the contract. The implied term of the contract does not extend to a case where the vendee buys with knowledge and on his own judgment. The defendants cite cases holding that parol evidence cannot vary the legal inference flowing from a contract. McAlpine v. Millen, 104 Minn. 289, 116 N. W. 583, and American Bridge Co. v. American D. S.

Co. 107 Minn. 140, 119 N. W. 783, may be taken as typical. In the first a partnership relation was established by a written contract and it was held that it could not be shown by parol that there was not to be a sharing in losses. In the other a construction contract was silent as to the time of performance, and therefore the law implied a reasonable time; and it was held that an understanding of the parties could not be shown by parol. These cases are based on a different principle and are inapplicable.

If it was competent to receive the parol testimony, as we hold, the charge of the court based upon it was necessarily correct.

2. The verdict was this: "We, the jury in the above entitled action, find for the defendants and each of them and assess their damages in the sum of $231.88, said amount to be deducted from the promissory note of $1,000, plus interest and protest fees, due September 1, 1917."

The defendants claim that it is so indefinite that it cannot be given effect. A verdict must be so definite that by reference to the record the precise thing found is clearly ascertainable. Moriarty v. McDevitt, 46 Minn. 136, 48 N. W. 684; Jones v. King, 30 Minn. 368, 15 N. W. 670; Dunnell, Minn. Dig. and 1916 Supp. § 9817. The verdict is in bad form. It should have been corrected before being received. It did not follow the court's directions. The meaning however is clear. The jury intended that the plaintiff should recover $1,000, and interest and protest fees, upon the note—and his right to recover this was admitted at the trial—less the damages of $231.88 sustained by the defendants by reason of the breach of warranty.

Order affirmed.