[Civ. No. 4287.   First Appellate District, Division Two.—November
16, 1922.]

## NOAH HARVEY SMITH, a Minor, etc., Respondent, v. SAN JOAQUIN LIGHT & POWER CORPORATION (a Corporation), Appellant.

[1] Negligence—Breaking of Power Wire—Personal Injury from Contact—Res Ipsa Loquitur.—In an action against an electric light and power company for damages for personal injuries sustained by plaintiff, a boy of seven years, by reason of his having taken hold of a charged wire hanging from the top of one of the defendant's poles to within a foot or two of the ground, at the side of a county highway, the doctrine of *res ipsa loquitur* is applicable, and the jury is properly so instructed.

[2] Id.—Presence of Palm Endangering Wire—Duty to Protect from—Neglect—Act of God.—A large palm tree having stood in such a position as to· endanger defendant's power wire, defendant should have protected its wire therefrom, and its failure to do so, as a result of which leaves were blown over against the wire and broke it, was an act of neglect on the part of defendant, and not an act of God.

[3] Id.—Replacing of Wires by Independent Contractor—Liability for Damage.—In this action against an electric light and power company for damages for personal injuries sustained by the plaintiff, a boy of the age of seven years, by reason of his having taken hold of a charged wire hanging from the top of one of defendant's poles to within a foot of the ground, at the side of a county highway, the trial court did not commit error in refusing the defendant permission to prove that at the time of the accident an independent contractor held a contract and was proceeding to replace the old line of poles with a new line of poles, and to string the wires thereon.

[4] Id. — Excessive Damages — Review by Appellate Court. — The power of the appellate court over excessive damages exists only when the facts are such that the excess appears as a matter of law, or is such as to suggest, at first blush, passion, prejudice or corruption on the part of the jury.

APPEAL from a judgment of the Superior Court of Fresno County.   M. F. McCormick, Judge.   Affirmed.

1.   Applicability of *res ipsa loquitur* in case of injury to servant by electrical appliances, note, L. R. A. 1917E, 248.

4.   Excessiveness of verdicts in actions for personal injuries other than death, note, L. R. A. 1915F, 30; 16 Ann. Cas. ·8; Ann. Cas. 1916C, 916.

The facts are stated in the opinion of the court.

Carl E. Lindsay and Lindsay & Conley for Appellant.

Burns & Watkins for Respondent.

STURTEVANT, J.—The plaintiff, through his guardian *ad litem*, commenced an action against the defendant to recover damages for personal injuries. Judgment was entered in favor of the plaintiff and the defendant appealed under section 953a of the Code of Civil Procedure.

The defendant owned and operated as a part of its general system, an electric power line consisting of wires strung on poles in the usual manner along the north side of the public highway known as North Avenue in the county of Fresno, running west from the public highway known as Elm Avenue, to and beyond the intersection of said North Avenue with the public highway running north and south known as Fruit Avenue, which power line was used for the purpose of transmitting and distributing electricity for light and power purposes to various consumers. In the morning of November 10, 1920, the plaintiff, a child of seven years, whose parents lived on the south side of North Avenue, was sent to a neighbor's house on the north side of said avenue for some milk. After procuring the milk and while on his way home walking on the north side of the avenue, which is a county highway, he observed a wire hanging from the top of a pole and reaching to within a foot or two of the ground. This wire, at the time, was charged with electricity. The lad took hold of the wire, with the result that he was very severely injured. As stated in the complaint, his right arm was so badly burned that it became necessary to amputate the same, and the same was amputated at a point below and near the elbow. The jury's verdict was for the sum of twenty thousand dollars. The defendant thereafter served and filed a notice of intention to move for a new trial, but the record does not disclose the fact that the motion was ever made or if made on what grounds. Neither does the record disclose any motion or other attack in the trial court on the amount of the verdict.

[1] In instructing the jury the trial court, at the request of the plaintiff, stated to the jury that in such a case the

doctrine of *res ipsa loquitur* applies.  The appellant makes no attack on the language used by the court, and does not claim that the instruction was improperly worded.  The objection in this behalf made by the appellant is that the case as made by the pleadings is not a proper case to apply that doctrine.  In this contention we think that the California rule is otherwise.  (*Diller* v. *Northern Cal. Power Co.*, 162 Cal. 531 [Ann. Cas. 1913D, 908, 123 Pac. 359].)

As to this same instruction the appellant claims that its real meaning is that the mere fact that an accident happened authorized the jury to infer negligence.  However, a most cursory reading of the instruction shows it was broader than as contended and that it contained all of the elements necessary to bring into play the doctrine of *res ipsa loquitur*. (*O'Connor* v. *Mennie,* 169 Cal. 217, 224 [146 Pac. 674].)

[2]   The defendant pleaded in its answer, and thereafter offered to prove, facts showing or tending to show that the wire which the plaintiff touched was properly in place the night before, that a wind arose, and the leaves of a large palm were blown over against the wire and broke it, and that such facts constituted an act of God.  If the facts stated constituted an act of God the defendant should have been permitted to show the same as a defense.  However, the respondent contends that the alleged facts do not show an act of God within the proper meaning of that rule. (*Fay* v. *Pacific Improvement Co.*, 93 Cal. 253 [27 Am. St. Rep. 198, 16 L. R. A. 188, 26 Pac. 1099, 28 Pac. 943].) In this behalf he contends that if the palm tree stood in such a position as to endanger the defendant's wire that the defendant should have properly protected its wire therefrom and, in failing to do so, the omission was an act of neglect on the part of the defendant, and not an act of God.  This contention is supported by the authorities.  (*Chidester* v. *Consolidated Ditch Co.*, 59 Cal. 197.)

[3]   The defendant claims that the trial court erred in refusing it permission to prove that at the time of the accident an independent contractor held a contract and was proceeding to replace the old line of poles with a new line of poles, and to string the wires thereon.  In this behalf the appellant contends that the independent contractor might be liable to the plaintiff, but the existence of its contract would operate to relieve the defendant of liability if

the accident occurred by reason of the act of such independent contractor or his employees. The rule contended for by the appellant is that the instant case is governed by the general rule stated in *Boswell* v. *Laird,* 8 Cal. 469, 487 [68 Am. Dec. 345], but the respondent claims that the case is governed by the exception to the general rule. In this contention we think the respondent is correct. (*Spence* v. *Schultz,* 103 Cal. 208 [37 Pac. 220]; *Frassi* v. *McDonald,* 122 Cal. 400 [55 Pac. 139, 772]; *Louthan* v. *Hewes,* 138 Cal. 116 [70 Pac. 1065]; *Stockton Automobile Co.* v. *Confer,* 154 Cal. 402 [97 Pac. 881]; *Luce* v. *Holloway,* 156 Cal. 162 [103 Pac. 886].)

The appellant claims that the verdict was excessive. **[4]** The power of this court over excessive damages exists only when the facts are such that the excess appears as a matter of law, or is such as to suggest, at first blush, passion, prejudice or corruption on the part of the jury. We have carefully examined the evidence, and under the facts of this case we are unable to say that it is a proper case for this court to declare the verdict excessive.

We find no error in the record. The judgment is affirmed.

Nourse, J., and Langdon, P. J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 15, 1923.

All the Justices concurred.