## B. A. JAENISCH v. CLIFFORD T. VIGEN AND OTHERS.[1]

March 21, 1941.

No. 32,582.

[1]Reported in 297 N. W. 29.

544

 ██

*Murphy, Johanson & Winter* and *Swanson Brothers,* for appellants.

*Dell & Rosengren,* for respondent.

GALLAGHER, CHIEF JUSTICE.

In an action to recover for personal injuries plaintiff had a verdict against defendant Mathison and his employer, Fergus Jobbing Company, a copartnership. Defendants appeal from an amended judgment.

The accident here involved occurred on the evening of September 21, 1937, on trunk highway No. 52 between Fergus Falls and Dalton, this state. The highway at the point of the accident was of hard, clay surface, 32 feet wide. The center line was not marked. Approaching from the west there is a gradual upward slope which curves to the left at the crest of the hill and gradually slopes downward.

At the time of the accident plaintiff was driving a Hudson sedan in an easterly direction. Defendant Mathison was driving a Dodge truck, belonging to his employer, in a westerly direction. At a point a short distance west of the crest of the hill the automobiles sideswiped. Plaintiff's left arm, which was resting on the window sill of his car, was caught in the impact and the elbow so sheared that it was necessary to remove the arm near the shoulder.

■ Each driver claims that he was operating his automobile to the right of an imaginary center of the highway at the time of the collision. Each claims that the other was driving with his car partly across the center line. Each charges the other with negligence and denies negligence on his part. It will serve no useful purpose to relate in detail the respective claims of the parties as to where each was driving. On that issue the evidence was such that the jury could, as it did, find that the collision was the result of the negligence of defendant Mathison and that plaintiff was free from contributory negligence in the operation of his car.

Defendants claim that aside from the negligence of plaintiff as to the place of operation, he was negligent in driving with his left arm resting on the window sill of the automobile and that such negligence was a proximate cause of his injuries. They rely upon such cases as Wininger v. Bennett (Mo. App.) 104 S. W. (2d) 413; Hinch v. Elliott, 119 Conn. 207, 175 A. 684; Taylor v. Morgan, 54 Ga. App. 426, 188 S. E. 44; Walker v. Lee, 115 S. C. 495, 106 S. E. 682; Crider v. Yolande Coal & Coke Co. 206 Ala. 71, 89 So. 285, and other similar cases. We do not believe that any of the cases cited by defendants, with the possible exception of Wininger v. Bennett (Mo. App.) 104 S. W. (2d) 413, are in point, and that case is readily distinguishable. There the plaintiff had his arm projecting out of the window so far that it was bent back in such manner as to cause his hand to break the window in the back door. It also appears there that plaintiff was traveling at a high rate of speed and that he had ample opportunity to observe an approaching truck which was traveling on the wrong side of the road, conditions which do not exist in the present case.

Whether a person riding with his arm on the window sill of an automobile is negligent in so doing is usually a fact question. Brown v. Murphy Transfer & Storage Co. 190 Minn. 81, 251 N. W. 5; Hobbs-Western Co. v. Carmical, 192 Ark. 59, 91 S. W. (2d) 605; McCaffrey v. Lukens, 67 Pa. Sup. 231; Tomlinson v. Clement Bros. Inc. 130 Me. 189, 154 A. 355; Connor v. Western New York Motor Lines, Inc. 250 N. Y. 165, 164 N. E. 892; Ross v. Bay City

Transit Co. 12 Cal. App. (2d) 639, 56 P. (2d) 247. The question of plaintiff's contributory negligence in the respect claimed was submitted to the jury under appropriate instructions, and we believe that the evidence amply sustains the verdict.

■ Defendants contend that the court erred in permitting plaintiff's counsel improperly to cross-examine Ernest Sonmor, a witness for defendants. Sonmor testified on direct examination that he went to the scene of the accident on the night of September 21 and while there examined certain marks on the highway; that a mark made by the drum of the left wheel of plaintiff's car was partly on the north side (defendants' side) of the highway and that it extended across the center line to the south side (plaintiff's side), indicating that plaintiff's automobile was partly to the left of the center of the highway at the time of the impact. On cross-examination, Mr. Dell, plaintiff's counsel, questioned the witness as to certain statements the witness made to Mr. Dell and his associate, Mr. Rosengren, in an interview a few days before the trial which conflicted with the testimony given by the witness on direct examination. Defendants objected to the cross-examination unless plaintiff's counsel would assure the court that they, or one of them, would take the witness stand for the purpose of impeaching the witness. The objection was overruled without requiring counsel to indicate their intentions. We are not confronted with the question as to the effect of the cross-examination if the witness disagreed with counsel's version of the conversation, for he testified on cross-examination that it was substantially as claimed by plaintiff's counsel. For that reason, the cross-examination cannot be said to have been improper. In any event, its propriety was within the sound discretion of the trial court, and that discretion was not abused.

During the course of the cross-examination reference was made by plaintiff's counsel to a statement given by the witness to an insurance agent. When the question was first asked and answered no objection was made. Defendants' objection was registered to a later question with reference to a statement given by the wit-

ness to an insurance agent. The objection was overruled. Insurance was mentioned several times during the trial, and on one or two occasions the reference thereto was elicited, perhaps unintentionally, by defendants' counsel. We consider the incident as being within the discretion of the trial court and not so prejudicial as to require reversal.

■ It is urged that the verdict is so excessive as to indicate that the jury was motivated by passion and prejudice. At the time of the accident plaintiff was 51 years of age with a life expectancy of about 20 years. Prior to the accident he was in good physical condition with the exception of a crippled index finger on his right hand. He was the owner and proprietor of a small feed mill in the city of Fergus Falls. He also had business interests at other points. He managed his business and performed a substantial amount of manual labor about the mill. The arm was first amputated about three inches above the elbow joint. It was later necessary to amputate it near the shoulder. Further treatment will be required.

It cannot be said that the verdict is excessive. The following cases are authority for our view: Madole v. C. R. I. & P. Ry. Co. 161 Minn. 535, 201 N. W. 937 (arm amputated above wrist, stiffened elbow, verdict for $15,000 sustained); Greer v. G. N. Ry. Co. 115 Minn. 213, 132 N. W. 6 (hand caught in machinery and arm torn from socket, verdict for $15,000 sustained); Fry v. M. St. P. & S. S. M. Ry. Co. 141 Minn. 32, 169 N. W. 147 (arm crushed, bones failed to reunite, $15,000 verdict not excessive); Carlson v. Payne, 150 Minn. 480, 186 N. W. 291 (both arms amputated between elbow and shoulder, six inches of right, four inches of left arm remain; new trial ordered unless plaintiff consented to reduction of verdict from $57,500 to $45,000); Roeder v. Erie R. Co. (Sup. Ct. S. T.) 164 N. Y. S. 167 (arm off at shoulder, verdict of $32,500 sustained); Brown v. Murphy Transfer & Storage Co. 190 Minn. 81, 251 N. W. 5 ("flail" arm causing disability from 50 to 100 per cent, $18,000, including special damages of $1,200, sustained); Smith v. San Joaquin L. & P. Corp. 59 Cal. App. 647,

548

211 P. 843 (boy seven years old lost arm below elbow, $20,000 held not excessive); Hellerich v. Central Granaries Co. 104 Neb. 818, 178 N. W. 919 ($18,900 not excessive recovery by livestock buyer, 28 years old, whose right arm was amputated and left arm broken); Alabama & V. Ry. Co. v. Dennis, 128 Miss. 298, 91 So. 4 (arm amputated between wrist and elbow, verdict for $25,000 reduced to $18,000); Fort Worth & D. C. Ry. Co. v. Williams (Tex. Civ. App.) 275 S. W. 415 (left arm crushed and shortened, verdict of $18,000 sustained).

■ Defendants requested the court to instruct the jury:

"I. If you find that the plaintiff was driving his automobile at the time of the accident with his left elbow and portion of his arm protruding or extending beyond and through the left front door of his car, and if you find that he was negligent in so doing and that such negligence was a proximate cause of the injuries sustained by plaintiff, then plaintiff cannot recover and you should return a verdict for the defendants.

"II. If you find that the plaintiff, Jaenisch, drove his car into an obvious situation of danger, with his arm or elbow extending out of the left front window of his car and that those factors contributed to the causing of the accident, your verdict must be for the defendants."

The trial court gave these instructions:

"Did the plaintiff, B. A. Jaenisch, do something at the time of the accident that a person of ordinary prudence would not have done under the same or similar circumstances, and if he did he was negligent, and if that negligence contributed directly to the accident as a cause he was guilty of contributory negligence and he cannot recover. Or did the plaintiff, B. A. Jaenisch, fail to do something that a person of ordinary prudence would have done under the same or similar circumstances, and if he did he was negligent, and if that negligence contributed directly to the accident as a cause he was guilty of contributory negligence and he cannot recover."

Defendants contend that even though plaintiff's alleged negligence might not have contributed proximately to the actual collision, he was barred from recovery if it contributed proximately to his injuries. The distinction is very finespun. We think that the jury could not have been misled by the instructions as given. They conform with those recommended in Guile v. Greenberg, 192 Minn. 548, 257 N. W. 649. See also Larsen v. Minneapolis St. Ry. Co. 199 Minn. 501, 272 N. W. 595.

Defendants complain that the trial court erred in refusing to give their requested instructions Nos. 3 and 4 to the effect that if the jury found that plaintiff and defendant Mathison were traveling "on substantially the center of the highway" at the time of the accident plaintiff could not recover. The court read the applicable statutory provisions, explained them to the jury, and defined negligence. The jury was told that if both parties were negligent and if the negligence of each contributed to the accident, neither could recover. The instructions given were proper and adequate.

■ The verdict returned by the jury reads:

"Verdict. We, the jury in the above entitled action, find for the plaintiff and assess his damages as against the defendants in the sum of Sixteen Thousand Dollars ($16,000).

Bill allowed for special nurses . . $78.00
Hospital bills . . . . . . . . 156.00
Doctor bills . . . . . . . . . 182.00
 _____
 $416.00

Dated January 14, 1939.

 Edwin Anderson, Foreman."

Costs were thereafter taxed and a judgment predicated on a verdict for $16,416 was entered for plaintiff without objection by defendants. Plaintiff later discovered an error in figuring interest and moved to amend the judgment so as to include the correct amount of interest. Defendants then moved to include in the

amended judgment interest figures based on a verdict for $16,000 instead of $16,416, the sum included in the original judgment. The trial court made an order directing the entry of judgment on the basis of a verdict for $16,416, and attached thereto a memorandum, which in part reads:

"From the entire record I conclude that the jury intended to add the $416 to the $16,000. The only other conclusion is that they intended to award for personal injuries $15,584 and made the notations at the bottom of the verdict of the three separate items for special nurses, hospital bills and doctor bills, totaling $416 for the mere purpose of indicating the amounts in which they had allowed said respective items. The form of the verdict was not authorized by any instructions given the jury in charge, so it is more or less speculative as to exactly what the jury had in mind. I am inclined to the view, however, from the entire record that it was the jury's intention to have the total amount of their award to include the two amounts, namely, $16,000 to cover the main allowance for personal injuries and the $416 for expenses incurred on account of the items specified."

The trial court has the power to amend and correct verdicts as to matters of form so as to make the verdict conform to the intention of the jury. Miller v. Hogan, 81 Minn. 312, 84 N. W. 40; Schloss v. Lennon, 123 Minn. 420, 144 N. W. 148. In order to do so, the verdict must be so definite that by reference to the pleadings and the record the thing found is clearly ascertainable. Jones v. King, 30 Minn. 368, 15 N. W. 670; Moriarty v. McDevitt, 46 Minn. 136, 48 N. W. 684; 6 Dunnell, Minn. Dig. (2 ed. & Supps.) § 9817. The better practice is to have the verdict corrected before received. Anderson v. Van Doren, 142 Minn. 237, 172 N. W. 117.

Clearly, the trial court was justified in concluding that the jury intended to award plaintiff the medical, hospital, and doctor bills amounting to $416 in addition to $16,000 as general damages. The clerk so interpreted the verdict when it was received and entered in his minutes this notation: "Verdict for plaintiff is $16,416.00.

January 14, 1939." He made a similar entry in the register of actions. In Leftwich v. Day, 32 Minn. 512, 513, 21 N. W. 731, 732, the court said: "The form of the verdict as recorded must govern. It is to the verdict as recorded by the clerk that the jury presumably assented." On the entire record it seems to us that the trial court was right in ordering judgment based on a verdict for $16,416.

The judgment appealed from is affirmed.

