HARRY WACHS, Respondent, *v.* COMMERCIAL TRAVELERS MUTUAL ACCIDENT ASSOCIATION OF AMERICA, Appellant.

First Department, November 24, 1953.

Dennis P. Donovan of counsel (Robert L. Conkling and Ernest S. Ballard, Jr., with him on the brief; Bleakley, Platt, Gilchrist & Walker, attorneys), for appellant.

Harold A. Lipton of counsel (Booth, Lipton & Lipton, attorneys), for respondent.

Per Curiam. The defendant appeals from a judgment based upon a jury verdict for plaintiff in an action on an accident policy to recover benefits for disability claimed to have arisen from violent, external and accidental means. The appellant contends, among other things, that reversible error was committed by the refusal of the trial court to receive proof that a witness called by the plaintiff had given inconsistent testimony on a prior hearing.

There was evidence that on November 10, 1948, the plaintiff in the course of his employment pulled and lifted a carton weighing about 150 pounds and felt a pain in his chest. He immediately went home and received treatment the same evening from his family physician. The following day he consulted a doctor who specialized in diseases of the heart. This doctor had examined plaintiff about a month before the date of the claimed accident. The doctor was called as a witness by the plaintiff and testified that at the time of his first examination there was no evidence of heart disease but that on the day following the claimed accident plaintiff had acute myocardial infarction. In answer to a hypothetical question the witness expressed the opinion that the exertion of lifting or pushing the carton was an adequate precipitating cause of the acute heart condition he found existing.

Upon cross-examination of the doctor it appeared that at a hearing before the Workmen's Compensation Board he had previously testified that there was no causal effect or relation between the lifting and the heart condition. The witness was cross-examined as to this previous testimony and he attempted

to differentiate between his testimony upon the trial that the lifting was a precipitating cause of the heart condition and his former testimony that there was no causal relation between the two.

At the conclusion of the cross-examination the doctor's prior testimony was offered in evidence and rejected by the trial court. This was error. The prior testimony when read as a whole was plainly inconsistent with that given upon the trial. It was admissible in evidence, as presumptive proof of the doctor's testimony at the prior hearing. (*Matter of Roge* v. *Valentine*, 280 N. Y. 268, 276; *Morton* v. *Smith Hoisting Co.*, 161 App. Div. 939; 3 Wigmore on Evidence [3d ed], §§ 1017, 1037; Civ. Prac. Act, § 343-a.) If the doctor claimed that his answers had been incorrectly transcribed the stenographer who recorded the testimony could have been called to prove the correctness of the minutes. The jury did not have a satisfactory opportunity to measure and weigh credibility by the limited permitted use of the former testimony. The right to scrutinize prior inconsistent statements can not be cut off by the admission of the witness that he has been guilty of inconsistency. Neither may such right be limited, as was here done, by a direction of the trial court that counsel for defendant might read to the jury such prior testimony as he deemed to be inconsistent. The refusal to receive in evidence such testimony and the express admonition that counsel for the defendant could not comment thereon in his summation constituted reversible error. Accordingly, we reverse the judgment and order a new trial, with costs to appellant to abide the event.

COHN, J. P., BREITEL, BASTOW, BOTEIN and BERGAN, JJ., concur.

Judgment unanimously reversed and a new trial ordered, with costs to the appellant to abide the event.