■ BETTY J. ASHBY, as Limited Administratrix of the Estate of ROBERT A. ASHBY, Deceased, Respondent, v. GIRARD STEINITZ et al., Appellants.— Judgment, as amended, unanimously affirmed as to defendant Strader, with costs, and judgment, as amended, reversed on the law and facts as to defendant Steinitz and a new trial granted, with costs to appellant to abide the event. Memorandum: The verdict against defendant Steinitz is against the weight of the evidence. Furthermore, it was error not to permit the statement of defendant Strader in evidence (Geminder v. Zauderer, 8 A D 2d 703; Wachs v. Commercial Travelers Mut. Acc. Assn., 283 App. Div. 29, 33) and it was also error to instruct the jury that admissions against interest made by parties to the action had no probative force and were not binding on plaintiffs. The concession of Strader in open court that he was partly at fault did not cure this error as to Steinitz, who was Strader's adversary (concurring opinion, Ordway v. White, 14 A D 2d 498, 499) because such admissions had probative force against Strader. This same rule applied to the testimony of plaintiff Briggs before the Motor Vehicle Bureau as well·as his previous admissions. Also, the certificate of conviction of defendant Strader, for reckless driving upon his plea of guilty should have been received (Knibbs v. Wagner, 14 A D 2d 987). (Appeal from judgment as amended by order of Oswego Trial Term for plaintiff in an automobile negligence action. The order added interest to the judgment.) Present — Williams, P. J., Bastow, Goldman, McClusky and Henry, JJ.

■ BETTY J. ASHBY, Respondent, v. GIRARD STEINITZ et al., Appellants.— Same decision and like cause of action as in companion case of Ashby v. Steinitz (18 A D 2d 963).

■ KENNETH P. BRIGGS, by BERNICE BROWN, His Guardian ad Litem, Respondent, v. GIRARD STEINITZ et al., Appellants.— Same decision and like cause of action as in companion case of Ashby v. Steinitz (18 A D 2d 963).

■ ISABELLE ARRISON, Respondent, v. ANTHONY CALDERONE, Appellant.— Appeal unanimously dismissed, without costs. Memorandum: Since the original defendant is now deceased and no one has been substituted as the representative of his estate, we cannot entertain the present appeal by the attorney for the deceased defendant, from an order permitting the plaintiff to discontinue the action without prejudice to the commencement of a new action against the representative of the estate of the deceased defendant. The order authorizing the discontinuance of the action would have been improper, in the absence of a substitution of the legal representative of the estate of the deceased defendant, except for the fact that plaintiff had the absolute right to discontinue the action as no answer had been served, under rule 301 (subd. 1, par. [a]) of the Rules of Civil Practice, without obtaining any order. Since the order only authorized what the plaintiff · could have accomplished by merely filing a notice under rule 301 (subd. 1, par. [a]), the order did no harm. We are informed that a new action has been instituted by the plaintiff against the executor of the defendant's estate. The first action has now been disposed of, and the new action may continue to judgment. (Appeal from certain parts of an order of Monroe Special Term disallowing defendant's special appearance and granting the voluntary discontinuance of this action without prejudice to continue the action anew against estate.) Present — Williams, P. J., Bastow, Goldman, Halpern and Henry, JJ.

■ EILEEN M. HARLING, Individually and as Guardian ad Litem of VIRGINIA R. HARLING, an Infant, Appellant, v. BACHE & Co., Defendant-Respondent and Third-Party Appellant. WILLIAM E. NUTH, Third-Party Defendant-Respondent.— Order unanimously affirmed, without costs of this appeal to either party. Memorandum: For the purpose of passing upon the